**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ELDANIZ PANAHOV; ZULEYHAT MUGADOVA; LEYLA PANAHOVA, a minor, by and through her next friend and father, ELDANIZ PANAHOV; and YUSUF PANAHOV, a minor, by and through his next friend and father, ELDANIZ PANAHOV,**

Plaintiffs,

v.

UNITED STATES OF AMERICA; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; JOSEPH EDLOW, Director, U.S. Citizenship and Immigration Services; DIRECTOR, USCIS HOUSTON FIELD OFFICE; and DIRECTOR, USCIS NATIONAL BENEFITS CENTER,

Defendants.

Civil Action No. __________

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF**

Agency Case Numbers (Form I-485):
MSC2390193976 (A201-883-606)
MSC2390193974 (A213-622-570)
MSC2390193975 (A213-622-572)
MSC2390193973 (A213-622-571)

**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs Eldaniz Panahov, Zuleyhat Mugadova, Leyla Panahova, and Yusuf Panahov, by and through undersigned counsel, hereby file this Complaint for Writ of Mandamus and Declaratory and Injunctive Relief against the above-named Defendants in their official capacities, and in support thereof allege as follows:

## I. Introduction

**1.** This is an action to compel Defendants to perform a clear, non-discretionary duty to adjudicate four Forms I-485, Application to Register Permanent Residence or Adjust Status,

filed together by one asylee family and pending before U.S. Citizenship and Immigration Services ("USCIS") for more than three years and nine months.

**2.** Plaintiff Eldaniz Panahov is a citizen of Turkmenistan who was granted asylum in the United States on July 22, 2019. His wife, Plaintiff Zuleyhat Mugadova, and their two minor children, Plaintiffs Leyla Panahova and Yusuf Panahov, joined him in the United States as derivative asylees on July 29, 2021, through Forms I-730, Refugee/Asylee Relative Petition, that USCIS approved on April 30, 2020.

**3.** USCIS received all four applications for adjustment of status under Section 209(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1159(b), on December 16, 2022, and approved a fee waiver for each on January 5, 2023. The family completed biometrics at the USCIS Houston Southwest Application Support Center, within this district.

**4.** On **February 14, 2024**, USCIS advised the family through its official Case Status Online system that the applications of Mr. Panahov and of his children Leyla and Yusuf were "ready to be scheduled for an interview," and that USCIS "will schedule your interview and send you a notice." USCIS assigns that status once pre-interview processing is complete. The step remaining was to place the family on an interview calendar.

**5.** More than **thirty-one (31) months** have passed since that determination. On December 5, 2025, responding to Mr. Panahov's congressional inquiry, USCIS identified the family's pending Form I-485 under Receipt No. MSC2390193974, Ms. Mugadova's application, stated that it "is pending at the Houston Field Office," and represented that it "is in queue and has not been overlooked." More than ten months have passed since that response, and the applications remain undecided.

**6.** Plaintiffs have done everything USCIS has asked of them. They filed complete applications and appeared for biometrics as directed. Each Plaintiff satisfied the one-year physical presence requirement of INA § 209(b) before filing. Asylee adjustment carries no annual numerical limitation, so each application is ready for decision today.

**7.** Defendants' continued failure to adjudicate is unreasonable and contrary to law, and it harms each member of this family, most concretely by postponing, month for month, the date on which each will become eligible to naturalize.

**8.** Plaintiffs therefore seek relief under 5 U.S.C. §§ 555(b) and 706(1) (the Administrative Procedure Act) as the primary cause of action, and, in the alternative, under 28 U.S.C. § 1361 (the Mandamus Act), together with declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 (the Declaratory Judgment Act), compelling Defendants to adjudicate the four applications without further delay.

**9.** Plaintiffs ask this Court to require the agency to decide. The outcome of each application remains with the agency.

## II. Jurisdiction and Venue

**10.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 5 U.S.C. §§ 555(b), 701, and 706(1) (Administrative Procedure Act), and, in the alternative, 28 U.S.C. § 1361 (Mandamus Act).

**11.** Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201–2202 and Federal Rules of Civil Procedure 57 and 65. Attorney's fees and costs are recoverable pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

**12.** Plaintiffs challenge the pace of adjudication, and this Court's jurisdiction over that claim is secure. The provision at 8 U.S.C. § 1252(a)(2)(B)(ii) applies to decisions that a statute in

Title II of the INA specifically commits to the discretion of the Secretary, and the timing of adjudication of an asylee adjustment application is not such a decision.

**13.** Plaintiffs are properly joined in a single action under Federal Rule of Civil Procedure 20(a)(1). Their applications were prepared and filed together as one family, were received by USCIS on the same day, rest on the same grant of asylum to Mr. Panahov, are pending before the same field office, and present common questions of law and fact concerning Defendants' duty to adjudicate and the reasonableness of Defendants' delay.

**14.** Leyla Panahova and Yusuf Panahov are minors. They bring this action through their father and next friend, Plaintiff Eldaniz Panahov, pursuant to Federal Rule of Civil Procedure 17(c).

**15.** Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1) on three independent grounds:

(a) Under § 1391(e)(1)(C), Plaintiffs reside together at 5911 Yaupon Ridge Drive, Richmond, Texas 77469, in Fort Bend County, which lies within the Southern District of Texas, Houston Division. *See* 28 U.S.C. § 124(b)(2).

(b) Under § 1391(e)(1)(B), a substantial part of the events and omissions giving rise to this action occurred in this district. Plaintiffs' biometrics were collected at the USCIS Houston Southwest Application Support Center, 9440 Highway 6 South, Houston, Texas 77083, and USCIS has confirmed that Ms. Mugadova's application, Receipt No. MSC2390193974, is pending at the USCIS Houston Field Office, which holds jurisdiction over Plaintiffs' place of residence and over the interviews that USCIS has determined are required.

(c) Under § 1391(e)(1)(A), Defendant Director, USCIS Houston Field Office, sued in his or her official capacity, performs official duties and therefore resides within this district.

## III. Parties

### *A. Plaintiffs*

**16.** Plaintiff Eldaniz Panahov (A201-883-606) is a native and citizen of Turkmenistan, born November 8, 1989, residing at 5911 Yaupon Ridge Drive, Richmond, Texas 77469. He was granted asylum in the United States on July 22, 2019, and is the applicant on Form I-485, Receipt No. MSC2390193976.

**17.** Plaintiff Zuleyhat Mugadova (A213-622-570) is a native and citizen of Turkmenistan, born April 10, 1988, and is the wife of Plaintiff Eldaniz Panahov. She was admitted to the United States as a derivative asylee on July 29, 2021, and is the applicant on Form I-485, Receipt No. MSC2390193974.

**18.** Plaintiff Leyla Panahova (A213-622-572) is a native and citizen of Turkmenistan, born December 27, 2015, and is the daughter of Plaintiffs Eldaniz Panahov and Zuleyhat Mugadova. She was admitted to the United States as a derivative asylee on July 29, 2021, and is the applicant on Form I-485, Receipt No. MSC2390193975.

**19.** Plaintiff Yusuf Panahov (A213-622-571) is a native and citizen of Turkmenistan, born June 14, 2017, and is the son of Plaintiffs Eldaniz Panahov and Zuleyhat Mugadova. He was admitted to the United States as a derivative asylee on July 29, 2021, and is the applicant on Form I-485, Receipt No. MSC2390193973.

### *B. Defendants*

**20.** Defendant United States of America is named pursuant to 5 U.S.C. § 703, which provides that an action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer.

**21.** Defendant U.S. Citizenship and Immigration Services is the agency, by its official title, responsible for adjudicating the applications at issue. It is a component of the U.S. Department of Homeland Security.

**22.** Defendant Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security ("DHS"). He is sued in his official capacity. As Secretary, he is charged with the administration and enforcement of the immigration laws of the United States, including the duty to adjudicate the applications at issue. 8 U.S.C. § 1103(a).

**23.** Defendant Joseph Edlow is the Director of USCIS, a component of DHS. He is sued in his official capacity. USCIS is the agency responsible for adjudicating the applications at issue.

**24.** Defendant Director, USCIS Houston Field Office, oversees the field office holding jurisdiction over Plaintiffs' place of residence, where USCIS has confirmed that Ms. Mugadova's application, Receipt No. MSC2390193974, is pending for adjudication. The Director is sued in his or her official capacity.

**25.** Defendant Director, USCIS National Benefits Center, oversees the office that received and initially processed Plaintiffs' Forms I-485. The Director is sued in his or her official capacity.

## IV. Statutory and Regulatory Framework

**26.** Under INA § 208 (8 U.S.C. § 1158), a noncitizen who establishes past persecution or a well-founded fear of future persecution may be granted asylum in the United States. Asylum status is of indefinite duration and may be terminated only through the procedures set forth at 8 C.F.R. § 208.24.

**27.** Under INA § 208(b)(3)(A) (8 U.S.C. § 1158(b)(3)(A)), the spouse and unmarried minor children of a person granted asylum may be granted the same status. A principal asylee may petition for a spouse and children who remain abroad by filing Form I-730, Refugee/Asylee Relative Petition, and a spouse or child admitted on an approved petition holds derivative asylum status. 8 C.F.R. § 208.21.

**28.** Under INA § 209(b) (8 U.S.C. § 1159(b)) and its implementing regulation at 8 C.F.R. § 209.2, a principal or derivative asylee who has been physically present in the United States for at least one year after being granted asylum, who continues to meet the definition of a refugee or to be the spouse or child of such a refugee, who has not been firmly resettled in a third country, and who is admissible as an immigrant, may be adjusted to lawful permanent resident status.

**29.** USCIS Policy Alert PA-2023-01, effective February 2, 2023, provides that the one-year physical presence requirement of INA § 209(b) is measured at the time USCIS adjudicates the Form I-485. Each Plaintiff met that requirement before the applications were filed.

**30.** Section 101(g)(1) of the REAL ID Act of 2005, Pub. L. No. 109-13, eliminated the annual numerical limitation formerly imposed on asylee adjustments under INA § 209(b). Adjudication of an asylee's adjustment application therefore proceeds independently of visa availability, priority dates, or any numerical cap.

**31.** Upon approval of an application under INA § 209(b), the agency "shall establish a record of the alien's admission for lawful permanent residence as of the date one year before the date of the approval of the application." 8 U.S.C. § 1159(b). Because the record of admission is keyed to the date of approval, every additional month of delay postpones by one month the date

on which each Plaintiff will accrue the residence required for naturalization under 8 U.S.C. § 1427(a).

**32.** Adjudication of an application for adjustment of status is a non-discretionary duty, even though the ultimate decision whether to grant adjustment involves an exercise of discretion. The agency must decide each application presented to it.

**33.** Under 5 U.S.C. § 555(b), an agency is required to "proceed to conclude a matter presented to it" within a reasonable time.

**34.** Under 8 U.S.C. § 1571(b), Congress has expressed its intent that immigration benefit applications be adjudicated within 180 days of filing.

**35.** Under 5 U.S.C. § 706(1), a reviewing court "shall … compel agency action unlawfully withheld or unreasonably delayed."

## V. Factual Allegations

### *A. Grant of Asylum to Mr. Panahov*

**36.** Mr. Panahov was admitted to the United States on October 15, 2018. On May 13, 2019, the USCIS Newark Asylum Office received his Form I-589, Application for Asylum and for Withholding of Removal (Receipt No. ZNK1941095370). *See* Exhibit A (Asylum Approval Notice and Form I-94).

**37.** USCIS granted Mr. Panahov asylum pursuant to INA § 208 as of July 22, 2019. *See* Exhibit A (Asylum Approval Notice, dated July 23, 2019). He has remained in asylum status since that date.

***B. Reunification of the Family***

**38.** Mr. Panahov and Ms. Mugadova married on March 24, 2015, in Ashgabat, Turkmenistan. Their daughter Leyla was born on December 27, 2015, and their son Yusuf was born on June 14, 2017.

**39.** On December 2, 2019, USCIS received three Forms I-730, Refugee/Asylee Relative Petition, filed by Mr. Panahov on behalf of his wife and children. USCIS approved all three petitions on April 30, 2020: Receipt No. SRC2006850081 (Zuleyhat Mugadova), Receipt No. SRC2006850094 (Leyla Panahova), and Receipt No. SRC2006850088 (Yusuf Panahov). *See* Exhibit B (Forms I-797, Approval Notices).

**40.** On July 29, 2021, Ms. Mugadova, Leyla, and Yusuf were admitted to the United States as follow-to-join derivative asylees, and the family was reunited. *See* Exhibit B (Forms I-94).

**41.** The family has since grown. On March 15, 2025, Mr. Panahov and Ms. Mugadova's daughter, L.P., was born in Texas. She is a United States citizen.

***C. Filing of the Applications for Adjustment of Status***

**42.** Each Plaintiff satisfied the one-year physical presence requirement of INA § 209(b) before filing: Mr. Panahov on July 22, 2020, and Ms. Mugadova, Leyla, and Yusuf on July 29, 2022.

**43.** By cover letter dated December 5, 2022, the family filed four Forms I-485 under INA § 209(b) through counsel, together with Forms G-28, Form I-912, Request for Fee Waiver, Form I-131, and supporting documentation including the asylum approval notice, passports, Forms I-94, birth certificates, and the marriage certificate.

**44.** USCIS received all four applications on December 16, 2022, and on January 5, 2023 issued receipt notices approving a fee waiver for each and assigning the following receipt numbers: MSC2390193976 (Eldaniz Panahov), MSC2390193974 (Zuleyhat Mugadova), MSC2390193975 (Leyla Panahova), and MSC2390193973 (Yusuf Panahov). *See* Exhibit C (Forms I-797C, Receipt Notices). The applications were received at the USCIS National Benefits Center.

***D. Biometrics***

**45.** USCIS records reflect that Mr. Panahov's fingerprints were taken in connection with his Form I-485 on January 6, 2023. *See* Exhibit E (Case Status Online printout and case history).

**46.** USCIS records further reflect that fingerprints relating to Mr. Panahov's application were taken again on July 15, 2026. *See* Exhibit E. Background vetting on his application is therefore current.

**47.** On January 14, 2023, USCIS issued Forms I-797C, ASC Appointment Notice, directing Ms. Mugadova, Leyla, and Yusuf to appear for biometrics collection on February 2, 2023, at the USCIS Houston Southwest Application Support Center, 9440 Highway 6 South, Houston, Texas 77083, located within this judicial district. *See* Exhibit D (ASC Appointment Notices). Each appeared as directed and completed biometrics. *See* Exhibits D, E.

***E. USCIS's Own Determination That the Applications Are Ready for Adjudication***

**48.** On September 26, 2023, USCIS requested Mr. Panahov's Form I-693, Report of Immigration Medical Examination and Vaccination Record. Following receipt of that submission, on February 14, 2024, USCIS determined that his application was ready to be scheduled for an interview.

**49.** On **February 14, 2024**, USCIS updated the official status of Receipt Nos. MSC2390193976 (Eldaniz Panahov), MSC2390193975 (Leyla Panahova), and MSC2390193973 (Yusuf Panahov) to read: "Case is Ready to Be Scheduled for An Interview." The accompanying text for Leyla's application states: "As of February 14, 2024, we are ready to schedule your Form I-485, Application to Register Permanent Residence or Adjust Status, Receipt Number MSC2390193975, for an interview. We will schedule your interview and send you a notice." Case Status Online states the same for Yusuf's application, Receipt No. MSC2390193973, and Mr. Panahov's case history records the same entry for Receipt No. MSC2390193976 on February 14, 2024. Mr. Panahov's current online status reflects the September 26, 2026 notice described below. *See* Exhibit E.

**50.** USCIS assigns the status "Case is Ready to Be Scheduled for An Interview" once pre-interview processing is complete and the application has been routed to a field office for interview. As of February 14, 2024, for three of the four applications, the step USCIS identified as remaining was the ministerial act of scheduling an interview and mailing a notice. Ms. Mugadova's application, filed and received together with the others, is the application USCIS identified to Congress as pending at the Houston Field Office and "in queue."

***F. Congressional Inquiry and the Agency's Response***

**51.** On November 18, 2025, Mr. Panahov sought the assistance of his Member of Congress, Representative Troy E. Nehls, and executed a privacy release so that the congressional office could inquire with USCIS on his behalf. *See* Exhibit G (Congressional Correspondence).

**52.** On December 5, 2025, the congressional office forwarded USCIS's response. USCIS stated that the pending Form I-485 "is pending at the Houston Field Office," that "this Form I-485 is in queue and has not been overlooked," and requested that Mr. Panahov "allow at

least 90 days from the date of this email before following up on the status of the case." *See* Exhibit G. The USCIS response identified the application by Receipt No. MSC2390193974. More than ten months, and more than three times the period USCIS requested, have passed since that response.

***G. Continued Delay in Adjudication***

**53.** On September 26, 2026, USCIS mailed Mr. Panahov a notice titled "FBI Privacy Requirements for Biometrics Collection by USCIS," explaining the agency's continuous vetting process and stating: "You do not need to take any further action at this time." *See* Exhibit F. Case Status Online likewise reflects that a notice issued on Ms. Mugadova's application on September 26, 2026. *See* Exhibit E. With fingerprints retaken in July 2026 and continuous vetting confirmed in September 2026, the agency's background processing is complete and current. The remaining step is the interview, which USCIS has yet to schedule for any Plaintiff.

**54.** As of the date of this Complaint, each of the four Forms I-485 has been pending **more than three years and nine months**, and more than **thirty-one months** have elapsed since USCIS determined that three of the four applications were ready to be scheduled for an interview.

**55.** The family has received no interview notice for any Plaintiff, and USCIS has rendered no decision on any of the four applications.

**56.** The current pendency of each application exceeds by more than seven times the 180-day period contemplated by Congress at 8 U.S.C. § 1571(b).

**57.** Defendants have identified no evidentiary deficiency or eligibility issue that remains open on any of the four applications. To the contrary, Defendants have affirmatively represented that three of the four applications are ready for interview and that Ms. Mugadova's application is "in queue."

**58.** No administrative appeal, motion, or other remedy exists by which Plaintiffs may compel adjudication of a pending Form I-485. Form I-485 is not eligible for premium processing. Plaintiffs pursued the congressional inquiry process, and USCIS's response confirmed the delay without resolving it.

***H. Harm to Plaintiffs***

**59.** Defendants' delay causes each Plaintiff concrete, continuing, and compounding harm.

**60.** First, the delay postpones each Plaintiff's eligibility for naturalization month for month. Because INA § 209(b) creates the record of lawful permanent residence "as of the date one year before the date of the approval," each Plaintiff accrues credit toward the residence period required by 8 U.S.C. § 1427(a) only once the application is decided. For Mr. Panahov, who has held asylum since July 22, 2019, the delay now extends a path to citizenship that he began more than seven years ago.

**61.** Second, the delay falls on two young children. Leyla is ten years old and Yusuf is nine. Each month of delay is a month of their childhood spent in provisional status, and each month postpones the point at which they may become citizens and build their education and future in the United States on a permanent footing.

**62.** Third, the family now includes a United States citizen daughter, born March 15, 2025. Permanent residence for her parents and siblings would give the entire household the stability that permanent status confers in employment, housing, credit, and travel. Each month of delay withholds that stability from a family that includes a citizen child.

**63.** Fourth, as asylees, Plaintiffs may travel abroad only on Refugee Travel Documents that must be applied for and renewed, and must periodically renew their employment authorization.

Lawful permanent residence would replace these recurring, time-limited documents with permanent status.

**64.** Fifth, the agency has provided no estimated timeframe for decision. More than thirty-one months after determining that three of the four applications were ready for interview, and more than ten months after telling a Member of Congress that the case was "in queue," Defendants have left the family's future in the United States undetermined.

***I. The TRAC Factors***

**65.** Courts assess the reasonableness of agency delay under the factors set out in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). Each factor favors Plaintiffs.

**66.** The first and second factors ask whether a rule of reason governs the time the agency takes and whether Congress has supplied a timetable. Congress has supplied one: 8 U.S.C. § 1571(b) expresses the sense of Congress that immigration benefit applications be completed within 180 days of filing, and Plaintiffs' applications have been pending more than seven times that period. USCIS's own process supplies the rule of reason. Once an application is ready to be scheduled for an interview, the next step is the interview, and three of these applications have held that status for more than thirty-one months.

**67.** The third and fifth factors weigh human health and welfare and the nature and extent of the interests prejudiced by delay. The delay here falls on a family of asylees that includes two minor children and a United States citizen daughter. Each month of delay postpones each Plaintiff's eligibility for naturalization, a loss that cannot be recovered, and keeps the family dependent on refugee travel documents and periodically renewed employment authorization.

**68.** The fourth factor considers the effect of expediting delayed action on agency activities of a higher or competing priority. Plaintiffs seek no advantage over other applicants. USCIS has already completed pre-interview processing on three of the four applications, retook Mr. Panahov's fingerprints in July 2026, and confirmed continuous vetting in September 2026. Plaintiffs' files therefore stand at the point in the agency's own process where the next step is the interview. An order compelling adjudication requires the agency to complete work it has already advanced, in the sequence it has already set.

**69.** The sixth factor provides that the Court need not find impropriety to hold that agency action is unreasonably delayed. Plaintiffs' claim rests on the length of the delay and the harm it causes.

## VI. Causes of Action

### COUNT I
### Administrative Procedure Act (5 U.S.C. §§ 555(b) and 706(1))

**70.** Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

**71.** Under 5 U.S.C. § 555(b), an agency "shall proceed to conclude a matter presented to it" within a reasonable time.

**72.** Under 5 U.S.C. § 706(1), a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."

**73.** Defendants have a mandatory, non-discretionary duty under INA § 209(b), 8 C.F.R. § 209.2, 5 U.S.C. § 555(b), and 8 U.S.C. § 1571(b) to adjudicate each of the four Forms I-485 within a reasonable time.

**74.** The adjudication of a pending Form I-485 is a discrete agency action legally required of Defendants, and is therefore properly compelled under 5 U.S.C. § 706(1).

**75.** Plaintiffs challenge the reasonableness of Defendants' delay in adjudicating the four applications. The grant or denial of each application remains with the agency.

**76.** Defendants have unreasonably delayed adjudication. Each application has been pending more than three years and nine months, including more than thirty-one months after Defendants themselves determined that three of the four applications were ready to be scheduled for an interview. The applications are administratively complete and ripe for decision.

**77.** Each of the *TRAC* factors favors Plaintiffs, as set out in Section V.I above.

**78.** Defendants' unreasonable and unlawful delay has caused, and continues to cause, each Plaintiff substantial harm, including the month-for-month postponement of eligibility for naturalization, restricted international travel, recurring employment-authorization burdens, and prolonged uncertainty for a family with two minor children and a United States citizen child.

## COUNT II
## Writ of Mandamus (28 U.S.C. § 1361) (Pleaded in the Alternative)

**79.** Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

**80.** Plaintiffs plead this Count in the alternative to Count I, pursuant to Federal Rule of Civil Procedure 8(d)(2), in the event that the Court determines that relief under the Administrative Procedure Act is unavailable.

**81.** Under 28 U.S.C. § 1361, this Court has original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff.

**82.** Each Plaintiff has a clear right to adjudication of his or her Form I-485 under INA § 209(b) and the implementing regulations at 8 C.F.R. § 209.2.

**83.** Defendants owe each Plaintiff a clear, non-discretionary duty to adjudicate his or her application within a reasonable time.

**84.** If APA relief is unavailable, no other adequate remedy exists. Form I-485 is not eligible for premium processing, and no administrative appeal or motion lies from agency inaction.

**85.** Defendants' continued failure to adjudicate is unreasonable and unlawful, and mandamus is therefore appropriate if the Court determines that APA relief does not lie.

### COUNT III
### Declaratory Judgment (28 U.S.C. §§ 2201–2202)

**86.** Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

**87.** An actual case and controversy exists between Plaintiffs and Defendants regarding Defendants' failure to adjudicate the four Forms I-485 within a reasonable time.

**88.** Plaintiffs are entitled to a declaratory judgment that Defendants' delay in adjudicating the four applications is unreasonable, contrary to law, and a violation of Defendants' statutory and regulatory duties.

## VII. Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

(a) Assume jurisdiction over this action;

(b) Issue an order under the Administrative Procedure Act, 5 U.S.C. § 706(1), compelling Defendants to adjudicate Forms I-485, Receipt Nos. MSC2390193976,

MSC2390193974, MSC2390193975, and MSC2390193973, within thirty (30) days of the Court's order, or such other reasonable period as the Court may order;

(c) In the alternative, issue a writ of mandamus pursuant to 28 U.S.C. § 1361 compelling Defendants to adjudicate the same applications within the same period;

(d) Declare that Defendants' delay in adjudication is unreasonable, unlawful, and a violation of 5 U.S.C. § 555(b) and of Defendants' duties under the Immigration and Nationality Act and its implementing regulations;

(e) Retain jurisdiction to ensure compliance with the Court's order;

(f) Award Plaintiffs reasonable attorney's fees, costs, and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(g) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of October, 2026.

**/s/ Burcu Toy**
**Burcu Toy**
Attorney-in-Charge
Texas State Bar No. 24149446
S.D. Tex. Federal Bar No. 3950799
YILDIZ LAW FIRM, PLLC
800 Bonaventure Way, Suite 116
Sugar Land, TX 77479
Telephone: (346) 646-0066
Facsimile: (804) 578-7990
Email: burcu@yildiz.law
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2026, the foregoing Complaint and accompanying exhibits were filed electronically with the Clerk of Court using the CM/ECF system. Service of the summons and Complaint upon Defendants will be made in accordance with Federal Rule of Civil Procedure 4(i), and proof of service will be filed with the Court.

Dated: October 13, 2026.

**/s/ Burcu Toy**
**Burcu Toy**
Attorney-in-Charge for Plaintiffs

## TABLE OF EXHIBITS

| | |
|---|---|
| **Exhibit A** | Asylum Approval Notice, Form I-589 (Receipt No. ZNK1941095370), dated July 23, 2019, and Form I-94 |
| **Exhibit B** | Forms I-797, Approval Notices, Form I-730 (Receipt Nos. SRC2006850081, SRC2006850094, SRC2006850088), dated April 30, 2020, and Forms I-94 |
| **Exhibit C** | Forms I-797C, Receipt Notices, Form I-485 (Receipt Nos. MSC2390193976, MSC2390193974, MSC2390193975, MSC2390193973), dated January 5, 2023 |
| **Exhibit D** | Forms I-797C, ASC Appointment Notices (Receipt Nos. MSC2390193974, MSC2390193975, MSC2390193973), dated January 14, 2023 |
| **Exhibit E** | USCIS Case Status Online printouts (Receipt Nos. MSC2390193976, MSC2390193974, MSC2390193975, MSC2390193973) and case history, printed October 7, 2026 |
| **Exhibit F** | USCIS Notice, FBI Privacy Requirements for Biometrics Collection, dated September 26, 2026 |
| **Exhibit G** | Congressional correspondence, Office of Representative Troy E. Nehls, dated November 18, 2025 and December 5, 2025 |
| **Exhibit H** | Declaration of Eldaniz Panahov |